OPINION
{¶ 1} Michael R. Calhoun appeals from his conviction in the Dayton Municipal Court of violation of a civil protection order. The facts leading up to Calhoun's conviction are as follows.
 {¶ 2} Michael and Stephanie Foley were divorced in Kentucky in 1992. They *Page 2 
had three children, Robert, Kyle and Dakota. Since the divorce, the children have lived with Stephanie and the two children from Stephanie's subsequent marriage. On August 21, 2006, Stephanie obtained a civil order of protection against Michael in the Domestic Relations Division of the Common Pleas Court pursuant to R.C. 3113.31. One of the conditions of the order was that Michael could not initiate contact with Stephanie or her two other children from another marriage by telephone or voicemail at her residence. Stephanie testified at the trial that she had to seek this order because Michael persistently called her at her residence and harassed her. She did, however, permit her children to have cell phones so that Michael could contact them to set up visitation.
 {¶ 3} On August 31, 2006, Michael was speaking to his son Kyle, on Kyle's cell phone, when Kyle's cell phone lost power. Kyle told Michael, "here's the house phone, call me." (T. 39.) Later that day, Michael called Stephanie's house and left a voicemail message for Kyle. On September 1, 2006, Stephanie filed a complaint with the court, charging Michael with violating the terms of the protection order.
 {¶ 4} Michael testified in his own defense that he did not intend to violate the protection order. Michael testified he had been contacting his children through their cell phones, but there was a period of time he could not reach them by cell phone. He testified he contacted them through Stephanie's residential phone until she changed the phone number. Michael testified that when Kyle's phone went dead on the day in question, he called the number Kyle gave him which he thought was his son Bobby's cell phone. He testified he left a message for Kyle, "this is your father, I just want to talk." (T. 32.)
 {¶ 5} In finding Calhoun guilty of the charge, the trial court noted that he found *Page 3 
Kyle's rebuttal testimony that he told his father, "here's thehouse number, call me" persuasive.
 {¶ 6} Calhoun contends his conviction is against the manifest weight of the evidence and is based on insufficient evidence. Specifically, Calhoun argues that the voicemail he left on the residential phone was for his son, Kyle, who was not a protected person under the order. We agree. Kyle was not listed as a protected person under the order. The voicemail was directed at Kyle, not Stephanie. The assignment of error is Sustained.
 {¶ 7} The judgment of the trial court is Reversed.
DONOVAN, J\J., concurs.